Filed 8/26/25  In re O.M. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re O.M. at al., Persons Coming Under the Juvenile Court Law. | B343053, B345393 (Los Angeles County Super. Ct. No. 20CCJP03227C-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. A.M., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Mark A. Davis, Judge.  Affirmed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and David Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

Andrea M. (mother) appeals the juvenile court's exit orders that provide her no visitation with her daughters, O.M. and J.C. Mother's challenge lacks merit, so we affirm.

## FACTS AND PROCEDURAL HISTORY

### 1. Facts

Mother has two daughters, O.M. and J.C. Joaquin M. is O.M.'s father, and Thomas C. is J.C.'s. Joaquin M. resides in Jalisco, Mexico.

Mother has mental health problems, including bipolar disorder and schizophrenia. She also uses cocaine, methamphetamine, and marijuana. In two prior dependency proceedings, mother completed reunification services and retained custody of her daughters (in 2018 and 2021).

Mother has been given medication for her mental illness, but she has repeatedly stopped taking it, after which she does " 'crazy, random things,' " such as screaming, jumping on top of cars, and doing "weird dances" in the streets. During manic episodes, mother stays up for days at a time. She once drove O.M. around all night, telling her repeatedly that the government was watching them through the bright streetlights. Mother has given her belongings away to strangers, including the keys to her car, her phone, her purse, and the family dog. Mother hits her daughters, deprives them of access to the bathroom for prolonged

2

periods, and pokes them with needles while they are trying to sleep.

In August 2024, Thomas C. took J.C. to his parents' home because mother was in the grip of a manic episode. O.M. begged him to take her from mother too, so he did. When he later returned with O.M. to gather clothes, mother became confrontational and claimed she was going to be put into a taxi and killed. Father called 911, and mother was placed on a psychiatric hold. She was combative with the staff at the hospital and had to be sedated.

## 2. Procedural Background

On August 30, 2024, the juvenile court signed an order removing the girls from mother. O.M. was placed with her paternal uncle Juan M., and J.C. with Thomas C.

On September 4, 2024, the Department filed a petition under section 300 of the Welfare and Institutions Code[1] requesting that the juvenile court exert dependency jurisdiction over O.M. and J.C. based on mother's mental and emotional problems and her substance abuse.[2]

The juvenile court held the jurisdictional and dispositional hearing on December 12, 2024. It sustained the allegations against mother, awarded sole legal and physical custody of J.C. to Thomas C.—with no visitation for mother—and terminated jurisdiction over that child. As to O.M., the court expressed its intention to give sole legal and physical custody of O.M. to

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] The original petition alleged Thomas C. failed to protect J.C. from mother, but these allegations were stricken.

3

Joaquin M., but allowed her to remain with her paternal uncle until she got a passport to travel to Mexico. The court ordered no visitation for mother, but ordered her to participate in a parenting program, counseling, and random drug testing, and to take all prescribed medications. It set a progress hearing regarding O.M.'s passport and ability to travel to Mexico.

In February 2025, O.M. got her passport. The same month, mother said she was not going to drug test and told the Department to " 'fuck off,' " after which she missed six random drug tests.

In March 2025, O.M. reported she did not want to talk to or say good-bye to mother, describing her mother as " 'crazy.' "

On April 4, 2025, the court entered the juvenile custody order giving sole legal and physical custody of O.M. to her father, with no visits for mother, and terminated jurisdiction.

### DISCUSSION

Mother argues that the juvenile court abused its discretion by providing no visitation to mother upon giving sole physical and legal custody of her daughters to their fathers. We review such an order for abuse of discretion, meaning we will not disturb it unless the court exceeded the bounds of reason. (*In re R.M.* (2025) 111 Cal.App.5th 119, 134; *In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

Section 362.4 governs the juvenile court's termination of jurisdiction and authorizes the court to make concurrent "exit orders" regarding custody and visitation. (§ 362.4, subd. (a); *In re J.M.* (2023) 89 Cal.App.5th 95, 112.) At this stage of dependency proceedings, the court's focus is on " 'the child's best interest.' " (*In re J.M.*, at p. 113.)

The juvenile court did not err in its implicit finding that it was not in O.M.'s and J.C.'s best interests to allow monitored visitation for mother.  Both children expressed feeling scared and unsafe with mother, which was understandable given mother's severe mental problems, her repeated failure to take her medication, and her harmful and erratic conduct that included hitting her daughters, preventing them from using the bathroom, and poking them with needles while they tried to sleep. O.M. repeatedly told the Department that she did not want to see or speak with her mother ever again, and expressed anxiety about the prospect of returning to her.  On this record, we cannot say that the court abused its discretion in providing no visitation for mother.

## DISPOSITION

The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



RICHARDSON, J.



GOORVITCH, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.